IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00375-BNB

EARL WILLIAM CAMPBELL, JR.,

Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 8 8 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

---

Applicant, Earl William Campbell, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Campbell initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order filed on February 24, 2009, the court directed Mr. Campbell to cure certain deficiencies if he wished to pursue his claims in this action. One of the deficiencies identified was Mr. Campbell's failure to use the proper habeas corpus form. The court directed Mr. Campbell to file an amended application pursuant to 28 U.S.C. § 2241 because he is challenging the execution, not the validity, of his sentence. On March 16, 2009, Mr. Campbell filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, an affidavit, a "Motion for Leave to Supplement Habeas Corpus Petition," and an amended motion seeking leave to proceed *in forma pauperis*. The amended motion seeking leave to

proceed *in forma pauperis* will be granted.

The court must construe the amended application liberally because Mr. Campbell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Campbell is ordered to file a second amended pleading.

Mr. Campbell asserts two claims for relief. He claims that he was denied due process in connection with a prison disciplinary conviction on May 1, 2007, and he claims that he was denied due process in connection with an administrative segregation hearing on May 29, 2007. However, Mr. Campbell fails to provide a clear and concise statement of his claims as required by the Federal Rules of Civil Procedure. Although the amended application is only nine pages long, Mr. Campbell does not provide a complete statement of his claims in the amended application. Instead, he incorporates into the amended pleading his original 143-page habeas corpus petition and the 213 pages of exhibits and documents attached to the original habeas corpus petition in order to present his claims.

Mr. Campbell must go beyond notice pleading in a habeas corpus action, and naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). However, Mr. Campbell's original pleading in this action is excessively long and does not provide a clear and concise statement of his claims. As noted above, Mr. Campbell is asserting only two due process claims, one that relates to a prison disciplinary

hearing and one that relates to an administrative segregation hearing. Those claims are not particularly complex and can be adequately asserted in a manner that is far more concise than the 143 pages set forth by Mr. Campbell. I have reviewed the original habeas corpus petition and find that it consists largely of unnecessary background information that is not relevant to the specific due process claims being asserted. Therefore, Mr. Campbell must file a second amended application that includes a concise statement of his claims if he wishes to pursue those claims in this action.

Finally, Mr. Campbell asks in his "Motion for Leave to Supplement Habeas Corpus Petition" to incorporate into the amended application the original petition and exhibits. That motion will be denied. Accordingly, it is

ORDERED that the amended motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 filed on March 16, 2009, is granted, and the motion for leave to proceed *in forma pauperis* filed on February 11, 2009, is denied as moot. It is

FURTHER ORDERED that Mr. Campbell shall file **within thirty (30) days from the date of this order** a second amended application for a writ of habeas corpus that complies with this order. It is

FURTHER ORDERED that the clerk of the court shall mail to Mr. Campbell, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Campbell fails to file a second amended application for a writ of habeas corpus that complies with this order within the time

allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for Leave to Supplement Habeas Corpus Petition" filed on March 16, 2009, is denied.

DATED March 23, 2009, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00375-BNB

Earl William Campbell, Jr.
Reg No. 43916
Sterling Correctional Facility
PO Box 6000
Unit 7A-1-08
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 3/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk