IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00375-BNB

EARL WILLIAM CAMPBELL, JR.,

Applicant,

v.

KEVIN MILYARD, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 30 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Earl William Campbell, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Campbell initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the execution of his sentence. In an order filed on February 24, 2009, Magistrate Judge Boyd N. Boland directed Mr. Campbell to cure certain deficiencies. One of the deficiencies identified by Magistrate Judge Boland was Mr. Campbell's failure to use the proper habeas corpus form because his claims challenging the execution of his sentence must be asserted pursuant to 28 U.S.C. § 2241. On March 16, 2009, Mr. Campbell filed an amended application pursuant to § 2241. On March 23, 2009, Magistrate Judge Boland ordered Mr. Campbell to file a second amended application because the amended application did not provide a clear and concise statement of his claims. On April 16, 2009, Mr. Campbell filed his second amended application for a writ of habeas corpus.

On April 20, 2009, Magistrate Judge Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those defenses in this action. On May 11, 2009, Respondent filed a preliminary response arguing that this action should be dismissed both as untimely and for failure to exhaust state remedies. On June 1, 2009, Mr. Campbell filed a document titled "Combined Objection to the Court's April 20, 2009, Order and Applicant's Reply to Respondent's Preliminary Response."

The Court first will address Mr. Campbell's objection to Magistrate Judge Boland's April 20 order directing Respondent to file a preliminary response. Mr. Campbell objects to the April 20 order because he believes Magistrate Judge Boland acted as an advocate for Respondent by directing Respondent to raise the above-specified affirmative defenses in a preliminary response.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's April 20 order directing Respondent to file a preliminary response is not clearly erroneous or contrary to law. The Court has not acted as an advocate for Respondent by directing Respondent to file a preliminary response. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs a judge to "order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order." Therefore, Mr. Campbell's objection will be overruled.

Mr. Campbell also argues that the Court should reject Respondent's preliminary response because it was not filed in a timely manner. The Court disagrees. In his April 20 order, Magistrate Judge Boland directed Respondent to file a preliminary response within twenty days. Mr. Campbell asserts, therefore, that the preliminary response was due on May 10, 2009. However, May 10, 2009, was a Sunday. Respondent's preliminary response actually was filed on May 11, 2009, and is timely. *See* Fed. R. Civ. P. 6(a)(3).

The Court must construe the second amended application and other papers filed by Mr. Campbell liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as time-barred.

As noted above, Mr. Campbell is not challenging the validity of either his conviction or sentence in this action. Instead, he is challenging a prison disciplinary conviction and an administrative segregation hearing that allegedly have increased the amount of time he will spend in prison. Mr. Campbell specifically argues that the disciplinary conviction resulted in a loss of earned time and good time credit and that his placement in administrative segregation has reduced the amount of earned time and good time credit he is eligible to earn.

Mr. Campbell was convicted of the prison disciplinary offense of rape in DOC case number 07-2982 following a disciplinary hearing on May 1, 2007. Mr. Campbell

appealed the disciplinary conviction within the DOC and the conviction was affirmed on May 18, 2007. Mr. Campbell received a copy of the decision affirming his disciplinary conviction on May 21, 2007.

Mr. Campbell asserts that, following his disciplinary conviction for rape, he was reclassified and placed in administrative segregation in DOC case number AS114-07. The administrative segregation hearing was held on May 29, 2007. Mr. Campbell appealed the administrative segregation decision and the decision was affirmed on June 29, 2007. Mr. Campbell received a copy of the decision affirming his placement in administrative segregation on July 3, 2007.

The Court received Mr. Campbell's original application for filing on February 11, 2009. Mr. Campbell asserts two due process claims challenging the procedures and results of both the disciplinary hearing and the administrative segregation hearing. Each of these due process claims has multiple sub-parts. Mr. Campbell also asserts a third claim in which he alleges that prison officials conspired to defraud the United States government in connection with grant applications under the Prison Rape Elimination Act. Mr. Campbell specifically alleges in support of his third claim that prison officials knew the rape charge against him was false and that they used his case to support the grant applications. Mr. Campbell's third claim for relief may not be raised in this habeas corpus action and will be dismissed because that claim does not challenge the execution of his sentence in any way.

Respondents first argue in their preliminary response that this action should be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court notes initially that § 2244(d) applies to the instant action challenging the execution of Mr. Campbell's sentence pursuant to § 2241. **See Burger v. Scott**, 317 F.3d 1133, 1138 (10th Cir. 2003). In order to determine whether Mr. Campbell's due process claims are timely, the Court first must determine when the one-year limitation period began to run.

5

Pursuant to § 2244(d)(1)(A), the one-year limitation period generally begins to run on the date the decision being challenged becomes final. With respect to Mr. Campbell's claim challenging his disciplinary conviction, the Court finds that the disciplinary conviction was final on May 18, 2007, when the disciplinary conviction was affirmed. With respect to Mr. Campbell's claim challenging the administrative segregation proceedings, the Court finds that those proceedings were final on June 29, 2007, when the decision to place Mr. Campbell in administrative segregation was affirmed.

In certain circumstances, the one-year limitation period begins to run on a date after the decision being challenged becomes final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). Among these possible alternatives, § 2244(d)(1)(C) clearly is not applicable because Mr. Campbell is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Relying on § 2244(d)(1)(B), Mr. Campbell argues that this action should not be dismissed as untimely because he continuously was confined in segregation, where he

> was denied any proper and meaningful access to the SCF law library, all necessary and essential research material and legal texts, together with the denial of proper and meaningful access to research materials and tools, inclusive of writing materials such as ink pens, pencils and paper, to allow for proper and meaninful [sic] access to the Courts.

(Reply to Prelim. Resp. at 3.) Section 2244(d)(1)(B) provides that the one-year limitation does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

6

The Court finds that Mr. Campbell's § 2244(d)(1)(B) argument lacks merit. Mr. Campbell specifically asserts that the alleged restrictions on his ability to access the courts prevented him from pursuing his claims in state court in a timely fashion. (*See* Reply to Prelim. Resp. at 5, 16.) However, he does not contend that the alleged denial of access to the courts prevented him from filing an application for writ of habeas corpus in federal court. The unconstitutional state-created impediment referenced in § 2244(d)(1)(B) relates to an impediment that prevents the filing of a federal court action. Even construing Mr. Campbell's argument liberally, it is apparent that the alleged restrictions he has faced due to his placement in segregation did not prevent him from filing an application for a writ of habeas corpus in federal court because he was able to file the instant action despite the fact that he still is housed in segregation (*see* Second Am. Habeas Corpus Application, filed Apr. 16, 2009, at 2-2).

Mr. Campbell also argues that he was unable to seek timely review of his disciplinary conviction and the administrative segregation proceedings in state or federal court because prison officials withheld exculpatory evidence that would have demonstrated he was not guilty of rape. Mr. Campbell alleges in support of this argument that he did not discover the allegedly exculpatory information until April 22, 2008, when he was provided access to the pretrial discovery in a state court criminal case against him based on the same rape accusation. The allegedly exculpatory information included "all of the investigative and incident reports generated by the SCF investigation officers and various staff members, groupwise [sic] communications, the actual statement and allegation of the alleged victim, the taperecorded COPD and

7

Classification proceedings, various medical and mental health records, and certain PREA records." (Reply to Prelim. Resp. at 12.) Mr. Campbell asserts that "this material, records and communications, all demonstrate unequivocally that the alleged rape of Jeremiah Smith never occurred." (*Id.*) Construing Mr. Campbell's reply liberally, the Court will consider his argument that prison officials withheld exculpatory evidence pursuant to § 2244(d)(1)(D), which provides that the one-year limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(1)(D) does not provide a later starting date for the one-year limitation period in this action because Mr. Campbell fails to specify exactly what exculpatory evidence he discovered in April 2008 and he fails to identify which of his claims are dependent on the allegedly exculpatory evidence. Mr. Campbell's conclusory assertion that the exculpatory evidence demonstrates unequivocally that the alleged rape never occurred is not sufficient to demonstrate he could not have discovered the factual predicate for each and every claim he is raising in this action prior to April 2008. It is apparent to the Court that Mr. Campbell was aware of the factual predicate for many, if not all, of his claims prior to the discovery of the allegedly exculpatory evidence in April 2008. For example, the factual predicates for Mr. Campbell's claims that he was not allowed to call various witnesses at his disciplinary hearing certainly were known to him at the time of the hearing.

Therefore, the Court finds that the one-year limitation period began to run when the decisions Mr. Campbell is challenging became final. This means that the one-year limitation period began to run in May 2007 for Mr. Campbell's due process claim

8

challenging the disciplinary conviction and in June 2007 for his due process claim challenging the administrative segregation proceedings.

Mr. Campbell did not file any state court postconviction proceedings that could have tolled the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2). As a result, the one-year limitation period for Mr. Campbell's claim challenging his disciplinary conviction expired in May 2008 and the one-year limitation period for his claim challenging the administrative segregation proceedings expired in June 2008. Based on these calculations, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

The Court has considered all of Mr. Campbell's arguments in his reply to the preliminary response in the context of equitable tolling and the Court finds that Mr.

Campbell fails to demonstrate the existence of any circumstances that might justify equitable tolling of the one-year limitation period. The alleged denial of access to the courts and the alleged withholding of exculpatory evidence do not demonstrate the existence of any extraordinary situations beyond his control that made it impossible to file the habeas corpus application on time. Mr. Campbell also fails to demonstrate that he has pursued his claims diligently. Therefore, the Court finds that Mr. Campbell fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondent's alternative argument that Mr. Campbell failed to exhaust state remedies. Accordingly, it is

ORDERED that Applicant's objection to Magistrate Judge Boland's April 20, 2009, order is overruled. It is

FURTHER ORDERED that Applicant's due process claims are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and Applicant's third claim is dismissed for failure to raise a cognizable habeas corpus claim. It is

FURTHER ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this 29 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00375-BNB

Earl William Campbell, Jr.
Reg No. 43916
Sterling Correctional Facility
PO Box 6000 - Unit 7A-1-08
Sterling, CO 80751

Nicole S. Gellar
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk